**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Julio Celio ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Cook County Sheriff's Office, Cook County,) | Jury Trial Demanded |
| Cermak Health Services, currently unknown ) | |
| employees of Cook County Sheriff's Office, ) | |
| and currently unknown employees of ) | |
| Cermak Health Services, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Julio Celio, through his attorney, complains of Cook County Sheriff's Office, Cook County, Cermak Health Services, currently unknown employees of Cook County Sheriff's Office, and currently unknown employees of Cermak Health Services and states as follows:

**PARTIES**

1.      Plaintiff Julio Celio is a resident of the State of Illinois.

2.      Cook County Sheriff's Office operates the Cook County Jail and is responsible for the hiring and training of Cook County Jail employees.

3.      Cook County is a municipal corporation organized and doing business under the law of the State of Illinois.

4.      Cermak Health Services is a division of Cook County Health. Cermak Health Services provides medical care to detainees at the Cook County Jail. Cermak Health Services is responsible for the hiring and training of Cermak Health Services employees who provide medical care to detainees at the Cook County Jail.

1

5. Currently unknown employees of Cook County Sheriff's Office were, during the relevant time, employed by Cook County Sheriff's Office and assigned to the Cook County Jail. These currently unknown employees of Cook County Sheriff's Office interacted with Plaintiff at the Cook County Jail from approximately March 22, 2025 through March 26, 2025.

6. Currently unknown employees of Cermak Health Services were, during the relevant time, employed by Cermak Health Services and assigned to the Cook County Jail. These currently unknown employees of Cermak Health Services interacted with Plaintiff at the Cook County Jail from approximately March 22, 2025 through March 26, 2025.

## JURISDICTION AND VENUE

7. This action arises under the Constitution of the United States, under the laws of the United States, and under the laws of the State of Illinois.

8. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(2) as the events giving rise to this litigation occurred within this district.

## FACTUAL ALLEGATIONS

10. On or about March 22, 2025, Plaintiff was booked into the Cook County Jail.

11. Prior to March 22, 2025, Plaintiff had been prescribed and taking Trazodone.

12. After being booked into the Cook County Jail on March 22, 2025, Plaintiff began to experience an involuntary, painful erection.

2

13.     This is a recognized potential side-effect of Trazodone.

14.     Plaintiff's involuntary, painful erection lasted multiple hours.

15.     The medical term for Plaintiff's condition is priapism.

16.     This condition is recognized as one needing immediate medical attention.

17.     That the condition is one necessitating immediate medical attention is known to laypersons and not just those in the medical field.

18.     While suffering from this obvious medical issue, Plaintiff made complaints of this pain to Currently unknown employees of Cermak Health Services. The Currently unknown employees of Cermak Health Services did not assist Plaintiff in obtaining medical attention.

19.     While suffering from this obvious medical issue, Plaintiff made complaints of this pain to Currently unknown employees of Cook County Sheriff's Office. The Currently unknown employees of Cook County Sheriff's Office did not assist Plaintiff in obtaining medical attention.

20.     Nothing was done for Plaintiff despite these requests for medical attention and the obvious need for medical attention.

21.     During this time, Plaintiff was suffering from severe pain.

22.     It was not until the early morning hours of March 24, 2025 that Plaintiff was taken to see a medical professional at Cermak Hospital.

23.     Plaintiff was treated by bedside irrigation and medication, which was not successful in treating Plaintiff's priapism.

24.     On March 24, 2025, Plaintiff underwent a penoscrotal decompression and distal shunt procedure.

25.     On March 26, 2025, Plaintiff re-presented with recurrent priapism.

26.     Between March 24, 2025 and March 26, 2025, Plaintiff still experienced pain and suffering.

27.     Plaintiff was informed that, due to the prolonged priapism, he was almost certainly going to experience a permanent risk of erectile dysfunction and would likely require penile implant for future erections.

28.     Plaintiff was also informed that repetitive bedside procedures to treat his priapism could further compromise his future health and ability to achieve erections.

29.     Plaintiff was discharged from Cook County Jail on April 1, 2025.

## COUNTS

### Count I
### Fourteenth Amendment - Denial of Medical Care
### Plaintiff against Currently Unknown Cook County Sheriff's Office Employees

30.     Plaintiff incorporates Paragraphs 1 through 29 of this Complaint.

31.     Between the time he first experienced priapism until he was finally seen by a medical professional at Cermak Health Services during the early morning hours of March 24, 2025, Plaintiff had told multiple Currently Unknown Cook County Sheriff's Office Employees that he was experiencing a painful erection that had lasted multiple hours.

32.     Plaintiff's priapism was an objectively serious medical need.

33.     None of the Currently Unknown Cook County Sheriff's Office Employees acted to provide Plaintiff any medical care or assisted him in obtaining medical care despite being informed by Plaintiff of his serious medical condition.

34.     The decision of Currently Unknown Cook County Sheriff's Office Employees to not provide Plaintiff medical care or assist Plaintiff in obtaining medical care was made purposefully, knowingly, or recklessly with respect to the risk of harm Plaintiff was experiencing.

35.	A reasonable officer in Currently Unknown Cook County Sheriff's Office Employees' position would have recognized that Plaintiff was seriously injured and needed immediate medical attention.

36.	The failure of Currently Unknown Cook County Sheriff's Office Employees to provide Plaintiff reasonable medical care was a violation of Plaintiff's Fourteenth Amendment rights.

37.	As a result of the violation of Plaintiff's Fourteenth Amendment rights, Plaintiff was harmed and experienced severe pain and suffering and continues to suffer from the violation of his rights.

Plaintiff prays for judgment in his favor and against Currently Unknown Cook County Sheriff's Office employees on this Count and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that is just.

**Count II**
**Fourteenth Amendment - Denial of Medical Care**
**Plaintiff against Currently Unknown Cermak Health Services Employees**

38.	Plaintiff incorporates Paragraphs 1 through 29 of this Complaint.

39.	Between the time he first experienced priapism until he was finally seen by a medical professional at Cermak Health Services during the early morning hours of March 24, 2025, Plaintiff had told multiple Currently Unknown Cermak Health Service Employees that he was experiencing a painful erection that had lasted multiple hours.

40.	Plaintiff's priapism was an objectively serious medical need.

41.	None of the Currently Unknown Cermak Health Service Employees acted to provide Plaintiff any medical care or assisted him in obtaining medical care despite being informed by Plaintiff of his serious medical condition.

5

42. The decision of Currently Unknown Cermak Health Service Employees to not provide Plaintiff medical care or assist Plaintiff in obtaining medical care was made purposefully, knowingly, or recklessly with respect to the risk of harm Plaintiff was experiencing.

43. A reasonable officer in Currently Unknown Cermak Health Service Employees position would have recognized that Plaintiff was seriously injured and needed immediate medical attention.

44. The failure of Currently Unknown Cermak Health Service Employees to provide Plaintiff reasonable medical care was a violation of Plaintiff's Fourteenth Amendment rights.

45. As a result of the violation of Plaintiff's Fourteenth Amendment rights, Plaintiff was harmed and experienced severe pain and suffering and continues to suffer from the violation of his rights.

Plaintiff prays for judgment in his favor and against Currently Unknown Cermak Health Service Employees this Count and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief that is just.

**Count III**
**Indemnification**
**Plaintiff against Cook County Sheriff's Office**

46. Plaintiff incorporates Paragraphs 1 through 29 of this Complaint.

47. During the relevant time, Currently Unknown Cook County Sheriff's Office Employees were employed by the Cook County Sheriff's Office.

48. During the relevant time, Currently Unknown Cook County Sheriff's Office Employees acted within the scope of their employment with the Cook County Sheriff's Office.

49. Under Illinois law, Cook County Sheriff's Office is required to indemnify Currently Unknown Cook County Sheriff's Office Employees for any award of damages entered against them for actions taken within the scope of their employment.

Plaintiff prays for judgment in his favor and against Cook County Sheriff's Office on this Count and that Cook County Sheriff's Office be required to indemnify any Currently Unknown Cook County Sheriff's Office Employee for any award of compensatory damages, attorneys' fees, and costs entered against any Currently Unknown Cook County Sheriff's Office Employee.

## Count IV
### Indemnification
### Plaintiff against Cermak Health Services

50. Plaintiff incorporates Paragraphs 1 through 29 of this Complaint.

51. During the relevant time, Currently Unknown Cermak Health Services Employees were employed by Cermak Health Services.

52. During the relevant time, Currently Unknown Cermak Health Services Employees acted within the scope of their employment with the Cermak Health Services.

53. Upon information and belief, Cermak Health Services is required to indemnify Currently Unknown Cermak Health Services Employees for any award of damages entered against them for actions taken within the scope of their employment.

Plaintiff prays for judgment in his favor and against Cermak Health Services on this Count and that Cermak Health Services be required to indemnify any Currently Unknown Cermak Health Services Employee for any award of compensatory damages, attorneys' fees, and costs entered against any Currently Unknown Cermak Health Service Employee.

7

**Count IV**
**Indemnification**
**Plaintiff against Cook County**

54. Plaintiff incorporates Paragraphs 1 through 53 of this Complaint.

55. During the relevant time, Currently Unknown Cook County Sheriff's Office Employees were employed by the Cook County Sheriff's Office.

56. During the relevant time, Currently Unknown Cook County Sheriff's Office Employees acted within the scope of their employment with the Cook County Sheriff's Office.

57. Under Illinois law, Cook County Sheriff's Office is required to indemnify Currently Unknown Cook County Sheriff's Office Employees for any award of damages entered against them for actions taken within the scope of their employment.

58. Under Illinois law, Cook County is required to indemnify the Cook County Sheriff's Office for any judgment against an employee for acts or omissions done within the scope of their employment.

59. During the relevant time, Currently Unknown Cermak Health Services Employees were employed by Cermak Health Services.

60. During the relevant time, Currently Unknown Cermak Health Services Employees acted within the scope of their employment with the Cermak Health Services.

61. Upon information and belief, Cermak Health Services is required to indemnify Currently Unknown Cermak Health Services Employees for any award of damages entered against them for actions taken within the scope of their employment.

62. Under Illinois law, Cook County is required to indemnify the Cermak Health Services for any judgment against an employee for acts or omissions done within the scope of their employment.

8

Plaintiff prays for judgment in his favor and against Cook County on this Count and that Cook County be required to indemnify any Currently Unknown Cook County Sheriff's Office Employee or Currently Unknown Cermak Health Services Employee for any award of compensatory damages, attorneys' fees, and costs entered against any Currently Unknown Cook County Sheriff's Office Employee or Currently Unknown Cermak Health Services Employee.

## Jury Demand

Plaintiff demands a trial by Jury.

Respectfully submitted,
*/s/ Shawn Barnett*

Hale Law LLC (f/k/a Hale & Monico LLC)
53 W. Jackson, Suite 334
Chicago, IL 60604
(312) 870-6905
sbarnett@ahalelaw.com
Attorney No. 6312312

9